Electronically Filed
9/18/2018 6:17 PM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

CAUSE NO. C-2644-18-F

| | | |
|---|---|---|
| William F. Ueckert, Jr.,<br>    Plaintiff, | § § § | IN THE DISTRICT COURT |
| v. | § § § | 332nd JUDICIAL DISTRICT |
| City of Pharr, Texas, Juan Guerra, and Ed Wylie,<br>    Defendants | § § § § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **WILLIAM F. UECKERT**, Plaintiff herein, and files this his First Amended Petition, and, in support thereof, would show the Court as follows:

#### I. Discovery Control Plan

Plaintiff intends that discovery be conducted under Discovery Level II of Texas Rule of Civil Procedure 190.4.

#### II. Parties and Service

Plaintiff, **WILLIAM F. UECKERT, JR.**, is a resident of Hidalgo County, Texas.

Defendant, **CITY OF PHARR, TEXAS**, is a municipality in the County of Hidalgo, State of Texas, and has made an appearance herein.

Defendant **JUAN GUERRA** is a resident of Hidalgo County, Texas. He may be served with process at his place of business, located at the City of Pharr Administrative Building, 118 S. Cage Blvd., Pharr, Texas 78577, or wherever he may be found.

Defendant **ED WYLIE** is a resident of Hidalgo County, Texas. He may be served with process at his place of business, located at the City of Pharr Administrative Building, 118 S. Cage

Blvd., Pharr, Texas 78577, or wherever he may be found.

### III. Jurisdiction and Venue

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiff seeks damages of less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, as well as non-monetary relief.

This court has jurisdiction over the parties because Defendants are either a Texas entity or Texas residents.

Venue in Hidalgo County is proper under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002 (West 2015).

### IV. General Allegations

**PLAINTIFF** is the former city engineer for the City of Pharr, Texas (the "**CITY**"). **HE** was employed with the **CITY** for approximately six years, from September 2010 to September 2016.

On or about Friday, September 16, 2016, **PLAINTIFF** was instructed by **CITY** engineer consultant, Jose Francisco "Joe" Torres, to sign a right-of-way (ROW) certification form certifying that all rights-of-way had been acquired and/or public utilities relocated in relation to a construction project known as the "Owassa Project." At that time, not all rights-of-way had been acquired by the **CITY** and/or not all public utilities properly relocated; and **PLAINTIFF** informed Mr. Torres and the **CITY** of this fact. Nonetheless, Mr. Torres and the **CITY** insisted that **PLAINTIFF** sign the ROW certification and/or any other plans, specifications, and estimates (PS&E documents) relating to the rights-of-way. **PLAINTIFF** expressed a concern to the **CITY** and Mr. Torres that signing the ROW certification and/or related PS&E documents while these contained misrepresentations was

unethical and a violation of law.

**PLAINTIFF** refused to sign the ROW certification and/or related PS&E documentation because **HE** did not want to act unethically nor violate the law. **PLAINTIFF** would have signed the ROW certification and/or related PS&E documents had the representations in them been true and if certifying the plans in the way requested by the **CITY** would not have been illegal.

Three days later, on Monday, September 19, 2016, **PLAINTIFF** was called to a meeting in which **HE** was chastised by the **CITY** through City Manager, **GUERRA**, and Assistant City Manager, **WYLIE**, for not having signed the ROW certification and/or related PS&E documents containing the misrepresentations. **PLAINTIFF** then re-expressed his concern at acting unethically and contrary to law. The **CITY** then terminated **PLAINTIFF's** employment that same day.

## V. Declaratory Judgment Action

There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, **PLAINTIFF** requests that declaratory judgment be entered as follows:

A.  The ROW certification and/or related PS&E documentation contained factual misrepresentations.

B.  Signing ROW certifications and/or PS&E documents containing factual misrepresentations of which the signer is aware violates Chapter 37 of the Texas Penal Code, et al., Section 37.10. *See* Tex. Penal Code § 37.10 (2015).

C.  **PLAINTIFF** would have violated the Texas Penal Code if **HE** would have signed the ROW certification and/or PS&E documents containing knowingly false representations.

D.     The **CITY** asked **PLAINTIFF** to sign a ROW certification and/or PS&E documentation which the **CITY** and **PLAINTIFF** were aware contained factual misrepresentations.

E.     By asking **PLAINTIFF** to sign the ROW certification and/or PS&E documentation containing factual misrepresentations, the **CITY** asked **PLAINTIFF** to commit an act in violation of the Texas Penal Code.

## VI. Claims

The claims mentioned below are alleged jointly and/or alternatively, with consistent and/or inconsistent facts and remedies.

A.     **Preliminary Statement**

**PLAINTIFF** sues pursuant to 42 U.S.C. §1983 and 1988 and the United States Constitution and its Amendments. Section 1983 provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation under color law of any rights, privileges, or immunities secured by the United States Constitution and laws.

The acts and omissions described herein violated **PLAINTIFF**'s constitutional rights, including but not limited to, those guaranteed him by the First Amendment to the United States Constitution.

**PLAINTIFF** seeks compensatory damages against **CITY OF PHARR, TEXAS,** and a reasonable attorney's fee as authorized by 42 U.S.C. § 1988.

**PLAINTIFF** seeks compensatory and punitive damages against **ED WYLIE** and **JUAN GUERRA** ("**Individual Defendants**") and a reasonable attorney's fee as authorized by 42 U.S.C. § 1988.

B.   **First Amendment Retaliation Claim**

On or about Friday, September 16, 2018, **PLAINTIFF** was instructed by **CITY** engineer consultant, Jose Francisco "Joe" Torres, to sign the ROW certification and/or related PS&E documents.

On or about Monday, September 19, 2018, **WYLIE** and **GUERRA** had a meeting with **PLAINTIFF**. At the meeting, **WYLIE** and **GUERRA** reminded **PLAINTIFF** that the prior Friday **HE** had already been instructed to sign the ROW certification and PS&E documents. **WYLIE** and **GUERRA** demanded **PLAINTIFF** to sign the ROW certification and/or related PS&E documents.

**PLAINTIFF** protested and told **GUERRA** and **WYLIE** that he could not sign the ROW certification and/or PS&E documents because the certification and/or documents contained misrepresentations and that signing them would be unethical and a violation of law.

On or about September 19, 2016, **GUERRA** and **WYLIE** then informed **PLAINTIFF** that his employment with the **CITY** was terminated.

**PLAINTIFF** was told by **WYLIE**, and **GUERRA** to act unethically and contrary to law. **GUERRA** and **WYLIE** were familiar with the law and knew that signing ROW certifications and/or PS&E documents that contained misrepresentations was illegal.

**PLAINTIFF** brings a First Amendment retaliation claim against **GUERRA** and **WYLIE** for termination of his employment.

**PLAINTIFF** suffered an adverse employment action.

On September 19, 2016, **GUERRA** and **WYLIE** approved **PLAINTIFF**'s termination of employment.

Electronically Filed
9/18/2018 6:17 PM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

The speech at issue was the illegality of signing the ROW certification and/or PS&E documents when the certification and/or documents contained misrepresentations.

Misrepresentation of public actions, illegal activity, and official malfeasance are matters of public concern.

It was not within **PLAINTIFF**'s job description as **CITY** Engineer to sign and/or certify plans and/or documents containing misrepresentations.

**PLAINTIFF**'s interest in commenting on matters of public concern outweighed **GUERRA** and **WYLIE**'s interest in promoting efficiency. **PLAINTIFF**'s speech did not generate controversy and disruption, impede the **CITY's** general operation or affect the working relationships necessary to its proper functioning.

The speech at issue motivated the adverse employment action.

One of the reasons given to **PLAINTIFF** for his termination of his employment by **GUERRA** and/or **WYLIE** was the speech at issue.

**GUERRA** and **WYLIE** are not entitled to qualified immunity.

Since at least 1983, public employees such as **PLAINTIFF** have had a right to be free from retaliation by a public employer for exercise of one's free speech for statements that related to a public concern. *See Connick v. Myers*, 461 U.S. 138 (1983). The constitutional right was clearly established at the time of the conduct in question.

Terminating an employee for engaging in protected speech is an objectively unreasonable violation of such an employee's First Amendment rights. *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008).

C. **Municipal Liability Claim Against the City of Pharr, Texas**

**PLAINTIFF** asserts that Defendant **CITY OF PHARR, TEXAS**'s conduct reflects a policy, statement, regulation or decision adopted by the City Commission or governmental custom or persistent, widespread practice of City officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents City policy as follows:

    a.    To rid the City administration of any employee that outwardly did not support or challenged the current administration or instructions/decisions of the administration; and/or

    b.    Retaliating against its employees for exercising their First Amendment freedom of speech rights.

This policy, regulation, decision, governmental custom or persistent, widespread practice is evident by **PLAINTIFF**'s termination. As such, **PLAINTIFF** asserts that this policy, regulation, decision, governmental custom or persistent, widespread practice is a clear violation of **PLAINTIFF**'s freedom of speech rights under the First Amendment of the United States Constitution.

D. **Reservation of Rights**

Plaintiff reserves the right to bring such other and further claims as he deems appropriate.

## VII. Damages

**PLAINTIFF** sues Defendants for all damages that he is entitled.

**PLAINTIFF** sues for compensatory damages suffered in the past, including economic losses, lost wages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic damages, and compensatory damages that, in

reasonable probability will be sustained in the future, which include economic losses, lost wages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses. **PLAINTIFF** sues for the injury to his reputation proximately caused by Defendants' conduct.

**PLAINTIFF** sues the Individual Defendants for punitive damages.

**PLAINTIFF** sues Defendants for his reasonable attorney's fees in the past and future. *See* 42 U.S.C. § 1988.

PLAINTIFF further requests all costs and reasonable attorney's fees incurred by him herein, pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## VIII. Jury Demand

Plaintiff demands a trial by jury and hereby tenders the appropriate fee.

## IX. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that, on final trial hereof, declaratory judgment be granted as requested herein and Plaintiff recover against Defendants compensatory damages, punitive damages against Individual Defendants, prejudgment and post-judgment interest as provided by law, reasonable and necessary attorney's fees, costs of court and any such other and further relief to which Plaintiff may be justly entitled.

Electronically Filed
9/18/2018 6:17 PM
Hidalgo County District Clerks
Reviewed By: Noemi Lamas

Respectfully submitted,

/s/ Katie P. Klein
KATIE PEARSON KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950

DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave. Ste 202
McAllen, Texas 78501
(956) 687-8700/(956) 687-2416 (fax)
office@daleklein.com
***Attorneys for Plaintiff***

### Certificate of Service

I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record by notice of electronic filing on September 18, 2018, to wit:

Ricardo Navarro/Robert L. Drinkard
DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550

/s/ William D. Mount, Jr.
WILLIAM D. MOUNT, JR.