UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| WILLIAM F. UECKERT, JR., § | | |
|   Plaintiff § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 7:18-CV-0302 | |
| § | | |
| CITY OF PHARR, TEXAS, and JUAN § | | |
| GUERRA, § | JURY DEMANDED | |
|   Defendants § | | |

**Plaintiff William F. Ueckert, Jr.'s Motion in Limine**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    COMES NOW **WILLIAM F UECKERT, JR.,** Plaintiff in this case, hereinafter called "Movant", and files this his Motion in Limine, requesting the entry of an Order, prior to the voir dire examination of the jury panel, that opposing counsel and all witnesses to be called in this case be instructed to refrain from any mention, or any interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence concerning the specific matters hereinafter set forth in this Motion. In this connection, Movant requests the Court to instruct opposing counsel and all witnesses that, before making any such statement, testimony, interrogation, or offer of proof or evidence concerning such matters, opposing counsel must first request a ruling from the Court outside the presence and hearing of all prospective jurors, or jurors ultimately selected in this case, concerning the propriety and admissibility of such matters. It is further requested that opposing counsel be instructed to apprize each of the witnesses called as to the contents of this Motion and the Court's subsequent Order so that such Order will not be inadvertently violated by a witness. In support of this Motion, Movant represents the following:

**I.**

The matters set out would be inadmissible in evidence for any purpose, on proper and timely objection, because they have no bearing on any issue in this case or the rights of the parties to this suit, but, rather, would only tend to prejudice or confuse the jury.

**II.**

Permitting interrogation of witnesses, comments to jurors, or offers of evidence concerning any of the matters set forth herein would confuse and prejudice the jury, and sustaining objections to such questions, statements, or evidence introduced or attempted to be introduced by counsel or witnesses will not prevent such prejudice, but will reinforce the development of such questionable and improper evidence. In this connection, Movant must emphasize that, due to the nature and circumstances of this case, if such questions, statements or evidence are even attempted to be introduced or otherwise brought to the attention of the jurors, thereby forcing Movant to assert proper objections to such matters in the presence of the jurors, Movant will be irreparably prejudiced as these improper and/or inadmissible matters will be reinforced to the jurors and give them the erroneous impression that Movant is attempting to withhold matters from them.

**III.**

The following matters would not be admissible for any purpose in this case and Movant respectfully requests an Order prohibiting the same:

    A.    **<u>EXPERTS</u>**

    1.    Any reference to, questions or comments by Defendants, or any witness called by Defendants, about the **expert opinions** of any person **not** heretofore **timely and properly**

**designated** by Defendants as an expert witness and/or determined not to be qualified to render expert opinions. See *Alldread v. City of Grenada,* 988 F.2d 1425, 1435-36 (5th Cir. 1993).

2. Any reference to, questions or comments about the location **where an expert witness resides** or transacts his business as not being relevant to any matter nor of any probative value. See Fed. R. Civ. Evid. 402.

3. Soliciting an expert opinion from any person without first establishing that person's qualifications to render the opinion inquired about.

4. That the Defendants, or Defendants' counsel, refrain from referring to, displaying or quoting from any books, treatises, articles, pamphlets, or lists without previously establishing that the items were relied upon or deemed authoritative by an expert testifying in the case.

5. Any expert opinions from witnesses that were not timely designated as expert witnesses, their qualifications are unknown, and their opinions are not reliable nor the result of an adequate evaluation. Fed. R. Civil Evid. 403 & 702.

   **B.** <u>**RELATIVE WEALTH**</u>

6. Any reference to the **financial affairs, relative wealth or income** or difference in financial ability of the parties as such evidence is not relevant to any issues in this lawsuit. Fed. R. Civ. Evid. 402 & 403.

   **C.** <u>**LEGAL EFFECT**</u>

7. Any reference, comment or question, in any manner, that would inform the jury of the **legal effects of their answers** to any of the special issues that may be submitted.

8. Any reference, in any manner, that **this Motion** has been presented to or been ruled upon by the Court. In this connection, Movant requests that Defendants' counsel be

instructed not to suggest to the jury by argument or otherwise that Movant has sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties to this suit.

9. Any comment to the jury that the **court can reduce** the amount of the jury's award.

### D. PHOTOGRAPHS, DIAGRAMS, GRAPHS, DOCUMENTS, CHARTS, VIDEO OR AUDIO RECORDINGS

10. Should Defendants wish to introduce any photographs, diagrams, graphs, documents, charts, recordings, video recordings or motion picture films into **evidence which have not been provided to Defendants in response to Request for Production and/or through Disclosure**, that same be tendered to Court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine their relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by Defendants.

11. That prior to introducing any Exhibits into evidence and before informing the jury of its existence, Defendants should tender each Exhibit to the Court and Defendants' counsel, outside of the presence of the jury, to determine its relevance and suitability for introduction into evidence.

### E. WITNESSES

12. That Defendants not mention or state to the jury, or prospective jurors, the **probable testimony of a witness** who is **absent, unavailable, or not called** to testify in this case.

13. That Defendants' counsel not tender, read from, or refer to any **ex parte statement** or report of any **person not** then and there **present** in court to testify and to be cross-examined by

counsel for Movant, and that counsel not suggest to the jury, by argument or otherwise, what would have been the testimony of any witness not actually called.

14. Any testimony or interrogation or offer of evidence relative to any **lawsuits in which any witness has been a party** not related to this matter. Such matters are not relevant to this case. See Fed. R. Civ. Evid. 402.

15. Any testimony from or reference to any **fact or expert witnesses that were not properly disclosed** pursuant to the rules and any court order prior to trial by Defendants, or comments as to the probable nature of their testimony, as Defendants have failed to meet their burden for nondisclosure.

16. Any comment or testimony regarding the **subject facts** or circumstances **unless the person observed the event**. Such comments, unless based on personal knowledge, would be inadmissible hearsay.

17. Impeachment of the Plaintiff on any matter which is collateral to this lawsuit and which is not relevant or germane to the Plaintiff's claims or defenses alleged by the Plaintiff, without first demonstrating the satisfaction of the court a predicate for the relevancy of such matters.

18. Any accidents or injuries, charges of discrimination, claims, lawsuits, complaints of discrimination, complaints of retaliation or settlements not related to the injuries made the basis of this suit.

19. Soliciting a lay opinion for any witnesses until evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter, which is rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or

the determination of a fact in issue and not based upon speculation.

20. From eliciting or permitting lay witnesses to testify as to matters not within their personal knowledge including speculation and opinions.

21. Any hearsay statements by any persons who were witnesses to the occurrences in question.

22. Any crimes or offenses or allegations against Plaintiff and/or the witnesses not involving moral turpitude or which are remote, or if involving moral turpitude only those which resulted in felony convictions, for the reason that same would be immaterial and irrelevant to any issue in this cause and would be incurably prejudicial.

### F. MATTERS IN MOVANT'S FILE

23. That Defendants be instructed not to make demands or requests before the jury for **matters found or contained in Movant's file**, which would include statements, pleadings, photographs, reports and other documents, nor to demand or request further or additional examinations, physical demonstrations, or other requests during the course of the trial in the presence of the jury, as such matters would be unfairly prejudicial under Fed. R. Civ. Evid. 403.

### G. ACTS OF ATTORNEY

24. Any testimony or offer of proof relative to the **conduct of any attorney** for Plaintiff in this cause or any other as it has no probative value relative to any of the issues in the case. See Fed. R. Civ. Evid. 402, 403.

25. Any reference to any **discovery motions**, hearings, disagreements or **difficulties between counsel** in the cause or any failure to produce any discovery or documents. See Fed. R. Civ. Evid. 402, 403.

26. Any reference to, comment about or suggestion that an **attorney** previously made **statements relative to liability**, as a statement by the attorney cannot be an admission against the clients. See Fed. R. Civ. Evid. 401-403.

27. Any mention of any **other litigation in which Plaintiff or Defendants' counsel is involved**, as such comments would be unfairly prejudicial. Fed. R. Civ. Evid. 403.

28. To state to the jury that **Dale & Klein, L.L.P.** is any type of particular law firm, i.e., plaintiff's firm, defense firm or family law firm.

29. Any item or arguments suggesting that the Plaintiff, through attorney, asserted a **claim of privilege** during discovery proceedings. Claims of privilege are not admissible as evidence. Fed. R. Civ. Evid 501.

30. That the attorneys for Defendants be instructed to refrain from engaging in jury speeches during the course of objections.

31. Any mention from Defendants' attorney regarding their personal opinion about the credibility of any witness.

32. The time or circumstance under which Plaintiff retained his attorneys.

33. Any personal attacks on Plaintiff's counsel.

**H.    SUPERSEDED PLEADING OR DISCOVERY RESPONSES AND PLEADINGS IN GENERAL**

34. Any reference to **superseded pleadings or discovery** documents or responses that have been amended in this cause. Fed. R. Civ. P. 15; Fed. R. Civ. Evid. 402-403

35. Introduction or offering of pleadings into evidence as "pleadings are not evidence". *Anderson v. Siemens Corp.*, 335 F.3d 466 (5th Cir. 2003); *Hidalgo v. Surety Sav. &*

*Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971).

36. Any reference, mention, introduction or offering of pleadings from other cases wherein Plaintiff was a party. Such matters are not relevant, would be unfairly prejudicial, and confusing to the jury. See Fed. R. Civ. Evid. 402-403.

### I. SETTLEMENT DISCUSSION AND OFFERS

37. Any statement that any **offer of settlement** has been made or any reference to the fact that such lawsuit could not be or was not settled, compromised or resolved, including the comments that some cases have to be brought to the Jury, or some similar comment. Fed. R. Civ. Evid. 408.

38. That there have been any **settlement discussions** between the parties and/or a mediation in an attempt to settle, compromise or otherwise resolve this lawsuit. Fed. R. Civ. Evid. 408.

### J. DEPOSITIONS

39. Sidebar comments about who may have noticed a particular deposition or who may have been asking particular questions during a deposition, as these matters are irrelevant and serve only to prejudice and confuse the jury.

40. Sidebar comments or inferences that the editing of deposition testimony is improper or that depositions do not carry the same weight as in court testimony.

41. Sidebar comments or inferences that videotaped depositions are improper or for purposes of intimidation.

42. Sidebar comments that deposition testimony of persons present in the courtroom is improper or unnecessary.

### K.    OTHER

43.    Any comment or mention regarding any **person** who is not a party or witness who may be **present in the Courtroom** during the trial of this cause, as the same is irrelevant and unfairly prejudicial in violation of Fed. R. Civ. Evid. 403.

44.    Any **statement** of opinion by Defendants' counsel regarding the **merits of this case or the magnitude** of this case.

45.    That Defendants' counsel not express his or her personal opinions regarding the case.

46.    Any evidence Defendants did **not produce in discovery**.  Defendants should not be permitted to present any witness Defendants did not timely name in discovery or any evidence they failed to produce in response to any discovery.

47.    Any attempt to elicit testimony from Plaintiff about **communications with** any of his **lawyers**.  Such communications are privileged.

48.    Any comment regarding **who pays the damages** or whether Defendants will pay the damages.

49.    Any suggestion about whether or not Plaintiff would pay income tax on recovery.

50.    Any mention that the jurors should put themselves in the position of the Defendants.

51.    Through verbal remark, questioning or attempted introduction of documentary evidence of anything related to the character of any parties or witnesses until such time as the door has been opened for such evidence and counsel has approached the bench outside the hearing of the Jury and requested permission to pursue the line of evidence. *Crumpton v.*

*Confederation Life Ins. Co.,* 672 F.2d 1248, 1251-1253 (5th Cir. 1982), rehearing denied, 679 F.2d 250 (1982).

52.     Whether or not Plaintiff has or is receiving social security benefits as violating the collateral source rule and being not relevant or unduly prejudicial. *Taylor v. Am. Fabritech, Inc.*, 132 S.W.3d 613, 626 (Tex. App.–Houston [14th Dist.] 2004, pet. denied).

53.     Whether or not Plaintiff has or is receiving Medicare benefits as violating the collateral source rule and being not relevant or unduly prejudicial. *Taylor v. Am. Fabritech, Inc.*, 132 S.W.3d 613, 626 (Tex. App.–Houston [14th Dist.] 2004, pet. denied).

54.     Whether following Plaintiff's termination of employment, Plaintiff qualified for, applied for and received retirement benefits as violating the collateral source rule and being not relevant or unduly prejudicial. *Taylor v. Am. Fabritech, Inc.*, 132 S.W.3d 613, 626 (Tex. App.–Houston [14th Dist.] 2004, pet. denied).

**IV.**

**WHEREFORE, PREMISES CONSIDERED**, Movant requests this Court grant this Motion and enter the Order as requested above.

Respectfully submitted,

/s/ *Katie Pearson Klein*
KATIE PEARSON KLEIN
State Bar No. 11561900
Southern District No. 7577
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Southern District No. 14992
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave. Ste 202
McAllen, Texas 78501
(956) 687-8700
(956) 687-2416 (fax)
office@daleklein.com
**Attorneys for Plaintiff William F. Ueckert, Jr.**

## Certificate of Consultation

Movant has conferred with the respondent and counsel cannot agree about the disposition of this motion.

/s/ *Katie Pearson Klein*
KATIE PEARSON KLEIN

## Certificate of Service

I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record by notice of electronic filing on January 12, 2023, to wit:

Ricardo Navarro/Robert L. Drinkard
DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550

/s/ *William D. Mount, Jr.*
WILLIAM D. MOUNT, JR.