UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| William F. Ueckert, Jr., § | | |
|   *Plaintiff* § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 7:18-CV-00302 |
| § | | |
| City of Pharr, Texas, and § | | JURY DEMANDED |
| Juan G. Guerra, § | | |
|   *Defendants* § | | |

**Plaintiff William F. Ueckert, Jr.'s Response to Defendants Juan G. Guerra and City of Pharr's Opposed[1] Motion to Exclude Experts William Edmundson and Juan Gonzalez (Dkt. No. 106)**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff **WILLIAM F. UECKERT, JR.**, and files his Response in Opposition to Defendants **JUAN G. GUERRA** and **CITY OF PHARR, TEXAS**'s Opposed Motion to Exclude Experts William Edmundson and Juan Gonzalez (Dkt. No. 106). In support thereof, Plaintiff would show the Court the following:

**I.**

1. On January 3, 2023, Plaintiff designated as expert witnesses two law enforcement officers that are employed by Defendant **CITY OF PHARR, TEXAS** to give expected testimony that falsifying official government documents is a crime. These employees are Deputy Chief of Police William Edmundson and Acting Chief of Police Juan Gonzalez.

2. On January 4, 2023, Defendants filed their Opposed Motion to Exclude Experts William Edmundson and Juan Gonzalez. Dkt. No. 106.

---

[1] Defendants did not confer prior to the filing of their Motion.

3. The aforementioned experts are non-retained as they are the **CITY**'s employees. The **CITY** can interview their own employees at their leisure. The **CITY** has greater knowledge as to what the witnesses will testify to than does Plaintiff who does not have control over these witnesses and has not spoken to them.

4. There is no harm to Defendants in allowing the **CITY**'s employees to testify. In fact, Defendants list on Defendants' Proposed Witness List the following: "**City of Pharr, Texas** - custodian of records, employees and representatives." Dkt. No. 109-4. Defendants' own designation would necessarily include the two witnesses that Plaintiff identified.

5. Defendants state: "Neither Defendant has ever taken the position that signing false and inaccurate certifications would be proper or legal[.]" Dkt. No. 106, p.5. This is the reason that the witnesses were not designated earlier. The issue does not seem to be in dispute. However, in an abundance of caution, Plaintiff designated Deputy Chief of Police William Edmundson and Acting Chief of Police Juan Gonzalez if Defendants were to take a contrary position.

6. Since as Defendants have stated, neither has taken the position that signing false certifications would be proper, they appear to be in agreement with Deputy Chief of Police William Edmundson and Acting Chief of Police Juan Gonzalez's expected testimony and the testimony is not prejudicial, speculative, confusing, or unreliable and is harmless.

## II.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **WILLIAM F. UECKERT, JR.** prays the district court deny Defendants **JUAN G. GUERRA** and **CITY OF PHARR, TEXAS**'s Opposed Motion to Exclude Experts William Edmundson and Juan Gonzalez (Dkt. No. 106). Plaintiff prays for such other and further relief to which he may be justly entitled, at

law or in equity.

                        Respectfully submitted,

*/s/ William D. Mount, Jr.*
KATIE P. KLEIN
State Bar No. 11561900
Southern District No. 7577
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Southern District No. 14992
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave. Ste 202
McAllen, Texas 78501
(956) 687-8700
(956) 687-2416 (fax)
office@daleklein.com
ATTORNEYS FOR PLAINTIFF

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing document has been forwarded Via Notice of Electronic Filing on January 13, 2023, to all counsel of record, to wit:

Ricardo Navarro/Robert L. Drinkard
DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
701 E. Harrison Ste. 100
Harlingen, Texas 78550

                        */s/ William D. Mount, Jr.*
                        WILLIAM D. MOUNT, JR.